UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL HITCHCOCK, et al.,

Plaintiffs,

v. CASE NO.: 8:13-cv-2581-T-23TBM

ALBERT J. SCIPIONE, et al.,

Defendants.
___________________________________/

**ORDER**

The plaintiffs allege that the defendants through Traders Café and Centurion Holdings operated an "investment" scheme to defraud the plaintiffs of "hundreds-of-thousands of dollars." (Doc. 1 at 1) The plaintiffs sue for unregistered securities sales, unregistered broker securities sales, fraud, "schemes and artifices to defraud," sale of unregistered securities by unregistered brokers, and deceptive and unfair trade practices. The defendant David Jarvis, a Michigan resident and the general counsel for Traders Café and Centurion Holdings, moves (Doc. 13) to dismiss the complaint. Jarvis argues (1) that the plaintiffs assert only one count against him – the sixth count, which the plaintiffs allege against each defendant for violating the Florida Deceptive and Unfair Trade Practices Act (FDUTPA) – and (2) that the count fails to state a claim.

"To state a[] FDUTPA claim, [the plaintiffs] must allege (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Communities, Inc.*, 715 F.3d 1243, 1250 (11th Cir. 2013). Jarvis argues that the plaintiffs have failed to allege causation because Jarvis's alleged misrepresentations occurred only after the plaintiffs had decided to invest and had invested.

Citing paragraph 157 of the complaint, the plaintiffs respond by stating that "Plaintiffs *do* allege that they suffered an economic loss as a result of defendants' (including Jarvis's) violation of FDUTPA." Also, the plaintiffs argue that Jarvis has misconstrued the causation element, which requires the complaint only to "allege[] misrepresentations [that] would have deceived an objectively reasonable person." (Doc. 33 at 4) (quoting *Toback v. GNC Holdings, Inc.*, 2013 WL 5206103 (S.D. Fla. Sept. 13, 2013) (Cohn, J.)).

The plaintiffs are correct that Count VI states, "Mr. Hitchcock and CEP have suffered economic loss as a result of Defendants' unconscionable acts, practices and unfair or deceptive acts in the conduct of a trade or commerce." (Doc. 1, ¶ 157) But this statement is "conclusory and [is] not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In other words, a mere legal conclusion (e.g., "the defendant was negligent") lacks factual content and, therefore, can offer no factual content in support of the complaint.

In their second argument, the plaintiffs assert that the complaint need not allege actual, subjective reliance on the defendants' misrepresentation but that the complaint can allege merely that a reasonable person would have relied on the defendants' misrepresentations. Nonetheless, the cause (in this action, the misrepresentation) must precede the effect (in this action, the act in reliance on the misrepresentation). *Cf. Chapter 7 Tr. v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1259 (11th Cir. 2012) ("[A]n effect cannot precede the cause."). As Jarvis correctly notes (without objection from the plaintiffs), the plaintiffs final, June 11, 2013, investment in the fraudulent scheme preceded Jarvis's misrepresentations, which occurred no earlier than August 19, 2013.[1] Accordingly, Jarvis's misrepresentations could not cause the plaintiffs (or anyone, including a reasonable person in the same circumstances) to invest on or before June 11, 2013.[2]

---

[1]The complaint omits identifying the day of Jarvis's misrepresentation. However, the complaint states that Hitchcock learned of the criminal investigation into Traders Café on August 19, 2013, (Doc. 1, ¶ 104) and Jarvis and Hitchcock discussed the investigation in the same conversation in which Jarvis's misrepresentations occurred. (Doc. 1, ¶ 106)

[2]The plaintiffs cite *Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. 1st DCA 2000), which holds that "the question is not whether the plaintiff[s] actually relied on the alleged deceptive trade practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances." No person can deceive another into investing *before* the deception occurs.

Perhaps the plaintiffs can argue that Jarvis's misrepresentations caused the plaintiffs to not withdraw their investments when the investment could have been recovered. However, the complaint is devoid of that allegation. And that allegation is likely false – Jarvis's misrepresentations occurred no earlier than August 19, 2013, and the plaintiffs filed the thirty-eight page complaint on October 8, 2013.

Jarvis's motion to dismiss the complaint is **GRANTED IN PART**. To the extent that Count VI applies to Jarvis, Count VI is **DISMISSED**.[3] However, Jarvis remains a defendant to Count IV.[4] The motion (Doc. 23) to stay discovery is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on November 25, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3]Because Count VI is dismissed as applied to Jarvis, Jarvis's second argument for dismissing Count VI is not considered.

[4]The plaintiffs correctly note that Jarvis overlooked Count IV's application to Jarvis. Jarvis's motion to dismiss says that "the only claim against Jarvis . . . is Plaintiffs' Count VI." However, Count IV is "directed to Scipione, Ionno, Traders Café, Centurion, *Jarvis* and Peterson." (Doc. 1, ¶ 137) (emphasis added); *accord* (Doc. 1, ¶ 144) ("Jarvis'[s] devices, schemes and artifices to defraud . . . caused [the plaintiffs'] collective economic loss.")