UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL HITCHCOCK, et al.,

    Plaintiffs,

v.                                      CASE NO.: 8:13-cv-2581-T-23TBM

ALBERT J. SCIPIONE, et al.,

    Defendants.

_____/

**ORDER**

Relying on the "intracorporate conspiracy doctrine," Jarvis and Ionno move (Docs. 99 and 103) to dismiss the plaintiffs' civil conspiracy claim. The plaintiffs respond by arguing that the "personal stake" exception to the intracorporate conspiracy doctrine applies in this action because Jarvis and Ionno individually benefitted from the conspiracy. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1127 (10th Cir. 1994). Jarvis briefly replies by asserting that the plaintiffs' interpretation of *Brever* transforms the "personal stake" exception into "an exception that swallows the rule." (Doc. 112 at 5) Although citing *Bailey v. Atlantic Automotive Corp.*, 2014 WL 204262 (D. Md. Jan. 17, 2014), Jarvis offers no other justification for this "swallowing" argument. However, *Bailey*'s concern for the "exception swallowing the rule" existed only for a "conspiracy between a parent and its wholly owned subsidiary." Neither Jarvis nor Ionno is a corporate parent or a wholly-owned

subsidiary. Accordingly, *Bailey*'s discussion of the "personal stake" exception is inapplicable to this action.

Also, Jarvis argues that each of his overt acts "occurred <u>after</u> Plaintiffs made their investments [and therefore] could not have been in furtherance of a conspiracy to sell Plaintiffs securities by fraud and misrepresentation." (Doc. 99 at 9) However, "[i]n a conspiracy, every act and declaration of each member of the confederacy in pursuance of the original concerted plan and with reference to the common object is, in contemplation of law . . . , even with respect to actions that took place before a conspirator joined." *Koch v. Royal Wine Merchants, Ltd.*, 907 F. Supp. 2d 1332, 1346 (S.D. Fla. 2012) (internal quotation marks omitted); *accord Regions Bank v. Kaplan*, 2013 WL 1193831 (M.D. Fla. Mar. 22, 2013) ("A person who joins a conspiracy with knowledge of its actual purpose and scope may be held liable for activity in furtherance of the conspiracy which took place before they joined it."); *see also Donofrio v. Matassini*, 503 So.2d 1278, 1281 (Fla. 2d DCA 1987) ("The existence of a conspiracy and an individual's participation in it may be inferred from circumstantial evidence.").

Jarvis's and Ionno's motions (Docs. 99 and 103) to dismiss are **DENIED**.

ORDERED in Tampa, Florida, on May 30, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE