UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL HITCHCOCK, et al.,

    Plaintiffs,

v.                                    CASE NO.: 8:13-cv-2581-T-23TBM

ALBERT J. SCIPIONE, et al.,

    Defendants.

_____/

**ORDER**

The plaintiffs allege (Doc. 98) against Jeffrey Peterson five claims, including a claim for civil conspiracy to defraud and a claim for aiding and abetting a breach of fiduciary duty.[1] A Minnesota resident and "Head Trader" and "Manager" of the "Traders Café Minnesota Branch," Peterson moves (Doc. 106) to dismiss for lack of personal jurisdiction.

Peterson argues that he never purposely conducted activities in Florida and that his contacts with Florida are "insufficient for Mr. Peterson to reasonably anticipate being ha[]led into court in Florida." (Doc. 106 at 14) The plaintiffs argue that Peterson is subject to personal jurisdiction because (1) he posted several "blog posts" on a company website that he created and (2) he twice spoke to Hitchcock, a

---

[1] Although Count VII alleges that the plaintiffs "suffered damages as a direct result of . . . Peterson's . . . breach[] of fiduciary dut[y]," the count is "directed against Scipione and Ionno." (Doc. 98 at 47-48)

Florida resident and one of the plaintiffs, by telephone. Peterson counters by stating that his only contacts with Hitchcock "consist entirely of two phone calls made by Plaintiff in Florida to Mr. Peterson in Minnesota. Other than the two alleged phone calls, . . . Mr. Peterson had no other contact with Plaintiff or the State of Florida." (Doc. 106 at 13) Also, Peterson explains that he has neither lived nor worked in Florida, that he owns no real property in Florida, that he owns no bank account in Florida, and that he never "transacted business" in Florida. (Doc. 106 at 14)

The exercise of jurisdiction must satisfy Florida's long-arm statute. *See Progressive Growth v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005). Also, due process "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend the traditional notions of fair play and justice." *Progressive*, 421 F.3d at 1166 (internal quotation marks omitted).

The plaintiffs' tort claims against Peterson satisfy Section 48.193(1)(a)(2) of Florida's long-arm statute. Although Peterson might not have travelled to Florida, his tortious conduct caused injury in Florida. *Licciardello v. Lovelady*, 544 F.3d 1280, 1283-84 (11th Cir. 2008) ("[T]he Florida long-arm statue permits jurisdiction over the nonresident defendant who commits a tort outside the state that causes injury inside the state."); *Wendt v. Horiwitz*, 822 So. 2d 1352, 1260 (Fla. 2002).

The exercise of personal jurisdiction also satisfies due process. The exercise of personal jurisdiction over a non-resident defendant is constitutional if Peterson's

minimum contacts offer fair warning of litigation within the forum state. "This 'fair warning' requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Licciardello*, 544 F.3d at 1284 (citations omitted).[2] Peterson intentionally defrauded a Florida resident by telephone. Although Hitchcock contacted Peterson, Peterson allegedly committed an intentional tort by directing his false statements toward Hitchcock. *Licciardello*, 544 F.3d at 1285 ("Jurisdiction may be constitutionally asserted over the nonresident defendant whenever he has by his own purposeful conduct created a 'substantial connection' with the forum state. . . . Intentional torts are such acts . . . ."); *see also Allerton v. State Dep't of Ins.*, 635 So. 2d 36, 40 (Fla. 4th DCA 1994) (finding personal jurisdiction over a defendant who "aimed" an intentional tort at a Florida resident).[3]

Finally, jurisdiction comports with notions of "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945). "In this case,

---

[2] After *Walden v. Fiore*, 134 S. Ct. 1115 (2014), *Licciardello* and other Eleventh Circuit opinions (e.g., *Brennan v. Roman Catholic Diocese of Syracuse NY, Inc.*, 322 F. App'x 852, 855-56 (11th Cir. 2009)) are in doubt. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 2014 WL 1849269 (7th Cir. May 9, 2014) ("[Before *Walden* t]he question whether harming a plaintiff in the forum state creates minimum contacts [was] complex. . . . [But] after *Walden* there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'" (citations omitted)). Nonetheless, until expressly overturned, *Licciardello* controls.

[3] Although *Walden* holds that "[t]he plaintiff cannot be the only link between the defendant and the forum," this action is more analogous to *Calder v. Jones*, 465 U.S. 783 (1984). Similar to the defendant in *Calder*, Peterson directed an intentional tort at a plaintiff within the forum. Peterson's actions differ from those in *Walden*, in which, although the plaintiff endured the injury in the forum, the defendant committed the tort neither within the forum nor against a plaintiff within the forum. After Peterson's fraudulent statements, had Hitchcock gone to Mississippi, for example, to suffer the injury of Peterson's fraud and had Hitchcock sued in Mississippi, *Walden*, not *Calder*, would control.

the Florida plaintiff, injured by the intentional misconduct of a nonresident expressly aimed at the Florida plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy." *Licciardello*, 544 F.3d at 1288. Peterson's false statements to Hitchcock caused an injury for which Hitchcock is entitled to relief in a Florida court. *Licciardello*, 544 F.3d at 1288 ("Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida.").

Peterson's motion (Doc. 106) to dismiss is **DENIED IN PART**.

**ORDERED** in Tampa, Florida, on May 30, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE