UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL HITCHCOCK and
CONSUMER ENERGY PARTNERS, INC.,

        Plaintiffs,

v.                                      Case No. 8:13-cv-2581-T-23TBM

ALBERT J. SCIPIONE,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a show cause hearing conducted on July 1, 2014. Defendant Albert Scipioni failed to appear. For the reasons stated below, it is recommended that default judgment as to liability be entered against Mr. Scipione.

A brief review of the procedural history is appropriate. Plaintiffs brought this civil conspiracy action in October 2013. (Doc. 1). Mr. Scipione, who is proceeding *pro se*, filed an answer to the Complaint that same month. (Doc. 12). Plaintiffs filed an Amended Complaint in February 2014, and a Second Amended Complaint in April 2014. Mr. Scipione answered neither.

Plaintiffs filed a Motion to Compel Discovery From Scipione on June 3, 2014. (Doc. 128). A status conference on discovery, including Plaintiffs' Motion to Compel Discovery

From Scipione,[1] was held on June 17, 2014.  All parties, including Mr. Scipione, were duly noticed.[2]  (Doc. 134).  Mr. Scipione, despite being noticed, failed to appear.  Mr. Scipione also failed to respond to Plaintiffs' Motion.

Thereafter, by Order dated June 17, 2014, Mr. Scipione was ordered to appear before the Court on July 1, 2014, to show cause why he should not be held in contempt or otherwise sanctioned for failing to appear at the status conference, failing to respond to Plaintiffs' Motion, and failing to respond to Plaintiffs' request for production and produce documents.[3]  The Order further advised Mr. Scipione that failure to appear would result in the imposition of monetary sanctions and may result in a report recommending that entry of default judgment with respect to liability be entered against him.  As indicated, Mr. Scipione failed to appear at the show cause hearing on July 1, 2014.

A district court has broad authority under Rule 37 to fashion appropriate sanctions for violation of discovery orders including the most severe sanctions of striking an answer and entering a default judgment against the disobedient party as the most severe sanction.  Fed. R. Civ. P. 37(b)(2); *see Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir. 1993); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Specifically, under Rule 37(b), if a party fails to obey a discovery order, a district court may impose sanctions to

---

[1]Plaintiffs asserted that Scipione, who appears the managing member of the Defendant LLCs, wholly failed to comply with their first request to produce documents, ESI and tangible things, apart from a few bank statements for a Traders Café LLC account.

[2]A review of the case docket reflects notice of this hearing was mailed to Mr. Scipione on June 10, 2014.  The notice has not been returned.

[3]A review of the case docket reflects notice of the show cause hearing was mailed to Mr. Scipione on June 17, 2014.  The notice has not been returned.

include: "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; dismissing the action or proceeding in whole or in part; [or] rendering a default judgment against the disobedient party. . . ." Fed. R. Civ. P. 37(b)(2)(A).  However, the sanction of a default judgment requires a finding of willful or bad faith failure to obey a discovery order.  *Malautea*, 987 F.2d at 1542 (citing *Societe Internationale pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958)).  Thus, a defendant's violation of a discovery order that results from negligence, a misunderstanding, or an inability to comply will not justify a Rule 37 default judgment or dismissal.  *Malautea*, 987 F.2d at 1542 (collecting cases).

Here, Mr. Scipione has evidenced a complete lack of interest in participating in the defense of the claims asserted.[4]  He has ignored discovery requests propounded by Plaintiffs and has twice failed to appear at hearings noticed by this Court.  It appears that at no point in the litigation has Mr. Scipione made any showing of good cause to justify his blatant failure to defend this action.  His conduct can only be viewed as willful and in bad faith.  Further, the Court can have no confidence that another Order of the Court directing his participation will necessarily result in the advancement of this cause.

While I am mindful that the severe sanction of a default judgment is appropriate only as a last resort when less drastic sanctions would not ensure compliance with the Court's Orders, *see Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988), in this instance, I conclude

---

[4]It appears, however, that Mr. Scipione appeared for mediation on June 2, 2014.  *See* (Doc. 137).

that this case is one of the rare cases calling for the ultimate sanction of entry of default

judgment against Mr. Scipione.  To recommend otherwise would unnecessarily extend the

financial burden on the Plaintiffs and inappropriately approve of Mr. Scipione's conduct.

Accordingly, I **RECOMMEND** that default judgment as to liability be entered against Mr.

Scipione and in favor of Plaintiffs.

Respectfully submitted this
2nd day of July 2014.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations

contained in this report within fourteen (14) days from the date of its service shall bar an

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by

a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R.

Civ. P. 6.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record
Albert J. Scipione, 19128 Larchmont Dr., Odessa, FL 33556

4